# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1246VV
Filed: May 25, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| STEVEN TOTTEN, | * |
| Petitioner, | * |
| v. | * |
|  | *   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *   Special Processing Unit ("SPU") |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Stadelnikas, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.*
*Sarah Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 26, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act. Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") casually related to the influenza vaccination he received on November 16, 2012. Petition at ¶¶ 1-5. On May 9, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 37).

On May 24, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner's Unopposed Motion for Attorneys' Fees and Costs ("Pet. Motion")

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(ECF No. 41).[3]  Petitioner requests attorneys' fees in the amount of $20,330.50 and attorneys' costs in the amount of $1,908.70 for a total amount of $22,239.20.  *Id.* at ¶¶ 2-3, 6.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  *See* Exhibit 20, filed as part of Pet. Motion.  Furthermore, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  Pet. Motion at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,239.20[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Diana Stadelnikas.  Per petitioner's request, the check shall be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. Pet. Motion at ¶ 5.  The motion specifically states, however, that respondent's "lack of objection should not be construed as an admission, concession, or waiver as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.